UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Associated Produce, Inc.<br><br>Plaintiff<br><br>— against —<br><br>LaSejita Produce, Inc.,<br>Emporium Fresh Market Inc., and<br>Manuel Pena<br><br>Defendant. | 19-CV-5894 (ARR) (CLP)<br><br>**Opinion and Order**<br><br>**Not for electronic or print publication** |

ROSS, United States District Judge:

The court has received the Report and Recommendation ("R & R") on the instant case from the Honorable Cheryl L. Pollak, United States Magistrate Judge, which recommends that default judgment not be entered at this time, that the complaint be dismissed for failure to state a claim upon which relief may be granted, and the plaintiff be granted leave to amend its complaint. R & R, ECF No. 14. Plaintiff Associated Produce, Inc. argues that its application for default judgment should be granted. Decl. of Howard Rosenberg Objection to R & R ("Pl.'s Objs."), ECF No. 15. For the following reasons, I adopt Judge Pollak's recommendations. Default judgment is denied and the complaint is dismissed, with leave to amend.

## Background

Associated Produce's complaints asserts a variety of claims under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499(e)(c). The claims flow from defendants' alleged failure to promptly and fully pay plaintiff for wholesale quantities of produce sold and delivered by the plaintiff to the defendants.

The defendants failed to appear or otherwise respond to the complaint, leading to the Clerk of Court's entry of a certificate of default against all defendants on December 4, 2019. Certificate of Default, ECF No. 10. On April 22, 2020, Judge Pollak issued an R & R recommending the denial of default judgment and dismissal of the complaint. Plaintiff filed objections on April 29, 2020.

The key defect in the pleading is the failure to establish that the transaction occurred in interstate commerce, an element required for any PACA claim. This is a low bar, as courts have interpreted the term "interstate commerce" broadly. *See, e.g.*, *Double Green Produce, Inc. v. Forum Supermarket Inc.*, 387 F. Supp. 3d 260, 269 (E.D.N.Y. 2019) (citing cases). However, I agree with Judge Pollak that the complaint does not meet this bar because it fails to make any allegations whatsoever regarding interstate commerce.

Plaintiff objects on the grounds that the invoices it attached as exhibits establish interstate commerce by listing goods, "including but not limited to, Idaho potatoes, lemons from California, Florida oranges, mangos, papaya and avocados all of which are grown outside of New York and necessarily and, on their face, moved through interstate commerce." Pl.'s Objs. ¶ 6. However, the produce descriptions in the invoices do not establish that the goods moved through interstate commerce. They provide very limited information, subject to multiple interpretations. For example, it is unclear whether a produce description of "Idaho potatoes" necessarily refers to potatoes grown in Idaho, or if it might refer to a specific variety of potato. Plaintiff would need to clarify this issue by amending its complaint in order to establish that PACA applies.

Additionally, Judge Pollak notes that the complaint does not state plaintiff's domicile or principal place of business, nor does it explicitly state that it is a seller of perishable agricultural

commodities. R & R at 11. If plaintiff chooses to amend its complaint, it should address these defects as well.

I therefore adopt Judge Pollak's recommendations and deny plaintiff's application for a default judgment. The complaint is dismissed for failure to state a claim, but the plaintiff is granted leave to amend its complaint to correct the defects described in the R & R and this decision.

So ordered.

_____/s/_____
Allyne R. Ross
United States District Judge

Dated:       May 13, 2020
             Brooklyn, New York